IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**AHMAD S. LINTON**,

        **Petitioner,**

v.

**WARDEN,**

        **Respondent.**

**Civil No.: 3:20-CV-34
(GROH)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 24, 2020, pro se Petitioner Ahmad S. Linton filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Maryland. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY

#### A. Conviction and Sentence

On June 2, 1999, a grand jury in the District of Maryland charged Petitioner in

---

[1] All CM/ECF references designated "ECF No. 1" refer to the instant civil action, 3:20-CV-34 in the Northern District of West Virginia. All other CM-ECF references refer to Criminal Action No. 1:98-CR-258-2, in the District of Maryland. See generally Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"). Because of the age of the underlying offense, not all documents are available for viewing on PACER, and the facts are taken from the docket of the case as well as Petitioner's direct appeal before the Fourth Circuit. See United States v. Linton, 64 F. App'x 352 (4th Cir. 2003).

1

Count One and Count Two of the fourth superseding indictment with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959. ECF No. 138. Petitioner was charged in Count Three of the fourth superseding indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a). Id. On July 23, 1999, a jury found Petitioner guilty of conspiracy to distribute cocaine (Count Three) and conspiracy to commit murder in aid of racketeering (Count One). ECF No. 153. Petitioner was sentenced to life imprisonment on September 28, 1999. ECF No. 191.

**B.     Direct Appeal and Post-Conviction Relief under 28 U.S.C. § 2255**

Petitioner appealed his conviction and sentence on September 28, 1999. ECF No. 193. On April 14, 2003, the Court of Appeals for the Fourth Circuit affirmed the judgment of the district court. United States v. Linton, 64 F. App'x 352 (4th Cir. 2003).

On July 26, 2004, Petitioner filed a § 2255 Motion to Vacate, which the district court denied on June 29, 2005. ECF Nos. 275, 299. On January 30, 2013, Petitioner filed another § 2255 Motion to Vacate, which was also denied. ECF Nos. 397, 399. Petitioner filed a third § 2255 Motion to Vacate on June 16, 2014, which was denied by the district court on June 27, 2014. ECF Nos. 412, 414.

Subsequent to the filing of this § 2241 petition, on December 28, 2020, Petitioner filed a motion for compassionate release in the District of Maryland. ECF No. 437. The court granted his motion in part, reducing his sentence to 360 months of imprisonment on September 24, 2021. ECF Nos. 469, 471.

**C.     Instant § 2241 Claims of Petitioner**

In support of his § 2241 petition before this Court, Petitioner states two grounds for relief. First, Petitioner argues that his Count One conviction is unconstitutional

because he is actually innocent. ECF No. 1 at 5. Second, Petitioner argues that because his "offense did not involve the murder of Anthony Hamilton," an offense level pursuant to §2D1.1 should have been applied to his sentence as opposed to §2A1.1. Id. at 6. For relief, Petitioner requests that his sentence be vacated and remanded for resentencing without the §2D1.1 enhancement. Id. at 8. In the alternative, Petitioner requests an evidentiary hearing so that he may further prove his grounds for relief, resolve any disputed facts, and expand an incomplete record. Id.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails

to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,³ (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"⁴ and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is

---

³ In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).
⁴ This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

5

deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his

6

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Because Petitioner's direct appeal rights have expired and he has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument, as alleged, does rely on "newly discovered evidence" by way of a co-defendant's affidavit, relief through 28 U.S.C. § 2255(h) appears the appropriate procedural avenue. Notwithstanding the relief that may be available under § 2255(h), if the § 2255(e) savings clause is the sole vehicle for Petitioner to challenge his conviction and sentence, this Court lacks subject matter jurisdiction to address the merits of Petitioner's § 2241 petition.

### A. Petitioner's Challenge to his Conviction

Petitioner argues that his Count One conviction is unconstitutional because he is actually innocent. ECF No. 1 at 5. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal. The crimes Petitioner was convicted of committing—conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959 and conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)—are still violations of law. Therefore, Petitioner cannot

satisfy the second prong of Jones. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider it.

### B. Petitioner's Challenge to his Sentence

Petitioner next argues that because his "offense did not involve the murder of Anthony Hamilton," an offense level pursuant to §2D1.1 should have been applied to his sentence as opposed to §2A1.1.[5] ECF No. 1 at 6.

Petitioner's request for relief as to his sentence under § 2241 is unavailable. The second prong of Wheeler requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law of this circuit or the Supreme Court changed and was deemed to apply retroactively on collateral review. Petitioner first cites to Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), but he cannot demonstrate that such a change in the substantive law of the Supreme Court occurred subsequent to his direct appeal and first § 2255 motion. Apprendi was decided in June 26, 2000, which came out before both his appeal, which was decided in 2003, and his first § 2255 motion, which was filed in 2004 and decided in 2005. Furthermore, the Fourth Circuit has held that Apprendi does not apply retroactively to cases on collateral review. United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001). Petitioner also cites to Alleyne v. United States, 133 S.Ct 2151 (2013) as a change in the substantive law of the Supreme Court. However, Alleyne was also not made retroactive on collateral review. See United States v. Cornette, 932 F.3d 204, 210 (4th Cir. 2019). Petitioner lastly cites to the United States

---

[5] To the extent that Petitioner's challenge to his sentence is predicated upon the court finding actual innocence of the conspiracy to commit murder conviction, the Court need not address this issue for the reasons set forth above. Nevertheless, the court will consider Petitioner's challenge to his sentence under Wheeler.

Sentencing Guidelines Amendments 706, 750, 782. The Court is not convinced that Amendments to the United States Sentencing Guidelines constitute changes in "the settled substantive law of this circuit or the Supreme Court." That said, Amendments 706 and 750 took effect following Petitioner's appeal and his first § 2255 motion and were listed as retroactive amendments in the guidelines, although there is no indication that the retroactivity applies to both direct and collateral review.

Nevertheless, assuming *arguendo* that Amendments 706 and 750 apply retroactively on collateral review and do actually constitute "a change in substantive law," allowing Petitioner to satisfy the second prong, he still cannot establish the fourth Wheeler prong—that due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Petitioner was originally sentenced to life imprisonment for both Count One and Count Three in 1999. However, after a successful motion for compassionate release in the District of Maryland, he received an amended judgment, which drastically reduced his sentence to a total of 360 months in September of 2021. ECF No. 469. Furthermore, if Petitioner were sentenced today, the advisory U.S. Sentencing Guidelines would still recommend a sentence of life imprisonment for an individual with Petitioner's convictions and criminal history. ECF No. 471 at 11. As the U.S. District Court for the District of Maryland took into account modern sentencing trends and changes in the law since 1999 in rendering its amended judgment, the Court finds no error in Petitioner's sentence sufficiently grave to be deemed a fundamental defect.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his challenge as to his sentence also may not be considered under § 2241, and this Court

is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED: February 3, 2022**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE