IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**AHMAD S. LINTON,**

       Petitioner,

v.                                      CIVIL ACTION NO.: 3:20-CV-34
                                                (GROH)

**WARDEN,**

       Respondent.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 16. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's habeas petition. After being granted an extension of time by this Court, the Petitioner timely filed his objections to the R&R. ECF No. 22. Accordingly, this matter is now ripe for adjudication.

**I.  Background**

On February 24, 2020, Ahmad S. Linton ("Petitioner"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 listing two grounds for relief, one pertaining to his conviction and one pertaining to his sentence. ECF No. 1. First, regarding his conviction, the Petitioner asserts that he is actually innocent of murder. Second, the Petitioner alleges

that the district court erroneously applied a sentencing enhancement pursuant to §2D1.1 of the United States Sentencing Guidelines.

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner clearly states in his filing that he does not object to these portions of the R&R. ECF No. 22 at 2. For ease of review, the Court incorporates those facts herein.

## II.  Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d

3

198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

In his filing, the Petitioner raises two substantive objections to the magistrate's R&R. First, the Petitioner takes issue with the magistrate's lack of analysis of Schlup v. Delo, 513 U.S. 298 (1995), a case cited by the Petitioner in his initial habeas petition. Second, the Petitioner disagrees with the magistrate's analysis of Alleyne v. United States, 570 U.S. 99 (2013). Additionally, in his objections, the Petitioner reasserts an argument raised in his initial petition regarding amendments to the United States Sentencing Guidelines.

First, this Court finds that the precedent established in Schlup does not apply to this case. Schlup's claim of innocence alone did not provide a basis for relief. Instead, Schlup raised constitutional claims involving ineffective assistance of counsel and withholding of evidence. These constitutional arguments formed the crux of Schlup's argument for habeas relief. Ultimately, the precedent established by the Schlup Court held that "the Carrier 'probably resulted' standard rather than the more stringent Sawyer standard must govern the miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims." Id. at 326–27.

Here, the Petitioner does not raise any constitutional claims, which distinguishes the Petitioner's civil action from Schlup's. The Petitioner states that his conviction is unconstitutional because he is actually innocent, but this assertion does not situate the Petitioner's case under the precedent of Schlup. While the Petitioner is indeed correct

that the magistrate did not engage with the Petitioner's argument implicating Schlup, this Court finds that the magistrate applied the proper precedent to the Petitioner's argument regarding his conviction. Therefore, the Petitioner's objection to the magistrate's analysis of his claim pertaining to his conviction is **OVERRULED**.

Next, this Court is not persuaded by the Petitioner's contention that Alleyne presumptively applies retroactively on collateral review. In fact, the opposite is true: "the Supreme Court did not make Alleyne retroactive." United States v. Cornette, 932 F.3d 204, 209 (4th Cir. 2019). Therefore, the Petitioner's objection to the magistrate's finding that Alleyne does not apply retroactively is **OVERRULED**.

Lastly, in his objections, the Petitioner reasserts his argument that United States Sentencing Guidelines Amendments 706 and 750 require modification of his sentence. This argument was presented in the Petitioner's initial habeas petition and addressed by the magistrate. In his objection, the Petitioner merely notes his disagreement and states that "[h]e stands by his initial argument on this ground." ECF No. 22 at 4. However, pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Mario, 313 F.3d at 766; see also Fed. R. Civ. P. 72(b); LR PL P 12. Having found no clear error in the magistrate's analysis of this issue in his R&R, the Petitioner's objection to the magistrate's analysis of the applicability of the sentencing guideline amendments is **OVERRULED**.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is hereby, **ORDERED ADOPTED**.

For the reasons more fully stated in the R&R, the Court **ORDERS** that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 10, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE